**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| HONAN YANG, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.: 1:20-cv-1049 |
| TURO INC., a Delaware corporation, | ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) | |

**CLASS ACTION COMPLAINT**

Plaintiff, Honan Yang ("Yang"), individually and on behalf of all others similarly situated, through his undersigned counsel, alleges for his Class Action Complaint against Defendant, Turo Inc. ("Turo"), based upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including the investigation conducted by his counsel as follows:

**NATURE OF THE ACTION**

1.      This is a class action seeking relief for Plaintiff and others who rented vehicles from Turo, a peer-to-peer car rental company, and who incurred certain fees in connection with purported damage claims made by the vehicle's owner.

2.      As alleged further herein, when a vehicle rented through the Turo is returned and the owner later claims to discover damage to the vehicle—days later—Turo imposes undisclosed "appraisal" and "processing" fees of $75.00 that Plaintiff believes are unrelated to any costs incurred or services performed by Turo or otherwise unreasonable.

3.      This practice is both deceptive and unfair to consumers such as Plaintiff who received notice of purported damage to the vehicles they rented weeks or months after returning the car.

4.      The above-described practices, alleged in further detail below, give rise to Plaintiff's and the class' claims for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.* (Count I), unconscionability (Count II) and unjust enrichment (Count III).

## JURISDICTION AND VENUE

5.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), as this is a class action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which members of the class, which number in excess of 100, are citizens of states different from Defendant.

6.      Jurisdiction over Defendant is proper under 735 ILCS 5/2-209(b)(4) (corporation doing business within this State), and Section 2-209(c) (any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States).  735 ILCS 5/2-209(b)(4), and (c).

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) insofar as this is the judicial district in which Defendant is subject to the Court's personal jurisdiction with respect to this action.

## PARTIES

8.      Plaintiff, Honan Yang, is a 76-year-old resident and domiciliary Clarendon Hills, DuPage County, Illinois.  Plaintiff is a member of the putative class defined herein.

9.      Defendant Turo Inc. is corporation organized under the laws of Delaware with its principal place of business in San Francisco, California.

## BACKGROUND

10.      Turo describes itself as "a car sharing marketplace where guests can book any car they want, wherever they want it, from a vibrant community of local hosts across the US, Canada, the UK, and Germany." https://turo.com/en-us/about (last visited Feb. 6, 2020). "Guests choose from a totally unique selection of nearby cars, while hosts earn extra money to offset the costs of car ownership." *Id.*

11.      Turo claims to be "[a] pioneer of the sharing economy and travel industry . . . with more than 350,000 vehicles listed and over 850 unique makes and models." *Id.* Because its vehicles are individually owned and range from trucks to luxury cars to classics, the attraction of Turo, it claims, is that it "lets you book cars that are part of a story, not a fleet." *Id.*

## FACTS RELATING TO PLAINTIFF

12.      Plaintiff rented a car from Turo from his home in Clarendon Hills, Illinois, on or about October 15, 2019, and paid $127.15 for a three-day rental of a 2015 Hyundai Sonata.

13.      Thereafter, Plaintiff flew to Los Angeles, California, where he picked up the vehicle on or about November 2, 2019.  After driving the vehicle locally for less than 100 miles, Plaintiff returned the vehicle to the same location on or about November 5, 2019, in the same condition as it was in when he received it.

14.      When Plaintiff returned the vehicle, it was accepted by the owner who performed a visual examination of its interior and exterior.  The owner did not note or claim any damage to the vehicle, as there was none, and accepted the keys from Plaintiff.

15.     Plaintiff returned to his home in Clarendon Hills, Illinois, and several days later, on November 13, 2019, he received a form email from Turo informing him for the first time that the owner reported damage to the vehicle's front bumper.

16.     The form email acknowledged the lack of prior notice of the damage to Plaintiff, stating, "I know this may come as a surprise," and falsely assuring Plaintiff, "don't worry."

17.     Citing a superficial scuff mark on the lower bumper, Turo claimed Plaintiff owed $576.86 for damages plus a "appraisal" and "processing" fees of $75.00 each, for a total of $726.86, and subsequently debited Plaintiff's Turo account in the same amount.

18.     A second email sent to Plaintiff, who disputed the charges and denied any damage to the vehicle, conceded that such surprise damage claims are not uncommon and claiming, "[i] t is not uncommon for damage to go unnoticed . . . ."

19.     More importantly, the aforementioned appraisal and processing fees were not disclosed to Plaintiff until days after he returned the car, in the November 13, 2019, email described *supra*.

20.     Upon information and belief, the $75.00 appraisal and processing fees are unrelated to any costs incurred or services performed by Turo. Alternatively, these amounts are not proportional to any such costs or services and otherwise unreasonable.

## CLASS MEMBERS' COMPLAINTS

21.     Numerous class members have voiced their complaints online in consumer forums and elsewhere.  Excerpts of such complaints appear below:

**Bogus fees**

By Molly M.,  San Francisco, CA,  Aug 6, 2018 Verified Reviewer

I had a great first experience with Turo. The second one? Ha. I rented a Prius to take to Napa. It arrived to me with dirt all amongst the car. Trash within the center consul. The maintenance alert was on as well. Once we dropped the car off in the same condition, we were slapped with a $175 fee. Please also note that we received the fee AFTER we left a review. Customer support was useless as well. DO NOT USE Turo.

https://www.highya.com/turo-reviews?page=71 (emphasis in original).

**Avoid at all costs**

By Michi,  Miami Beach, FL,  Apr 30, 2018 Verified Reviewer

* * *

The trip for 6 days was supposed to be $192.00. After Turo fees, this rental would have been $710.18, for a week. You do the math!

The big problem here is Turo's bully tactics to scare people into paying whatever fees they claim against the renter.

https://www.highya.com/turo-reviews?page=76

**Horrible experience**

By Antoine Hale,  Chicago, IL,  Jul 28, 2017 Verified Reviewer

* * *

I return the car, everything is fine, myself and the return agent take pictures and both deem the car to be just as it was when I rented the vehicle. I receive an email at 2:18 AM Tuesday morning stating that the owner reported damage. I texted the owner, no response. I responded to the communication on Turo's site, no response. I called and left multiple messages, no response. I wake up this morning to a $500 draft from my bank account from Turo. So they don't respond to me, but they are doing their due diligence to charge me for something that never happened? I feel like this is a bad dream.

https://www.highya.com/turo-reviews?page=78

**Turo support is a mess**

By Guido Krombacher,  Italy,  May 20, 2017 Verified Reviewer

> Turo support is a mess.
>
> The damage was visible in the before photos already, I still got charged USD 500. I'm waiting to get refunded for two months. Terrible and disrespectful service.

https://www.highya.com/turo-reviews?page=80

22.     Plaintiff's experience is typical of those above insofar as he was notified of damage to the vehicle after he returned the vehicle and was unable to mount a challenge to Turo's bogus damage claims and associated fees.

## CLASS ACTION ALLEGATIONS

23.     This action satisfies the prerequisites for maintenance as a class action provided in Fed. R. Civ. P. 23(a), as set forth below.

24.     *Class Definition.*   Plaintiff brings this action individually and on behalf of the following class of similarly situated persons (the "Class"), of which Plaintiff is a member:

> All natural persons domiciled in the United States or its territories who received notice from Turo Inc. of "appraisal" and/or "processing" fees more than 24 hours after returning their Turo rental vehicles.

Excluded from the Class is Defendant and any of its respective officers, directors or employees, the presiding judge, Class counsel and members of their immediate families, and persons or entities who timely and properly exclude themselves from the Class.

25.     *Illinois Sub-Class.*   In the alternative, Plaintiff brings this action individually and on behalf of a sub-class of Illinois consumers only who are members of the above-defined class.

26.     *Numerosity.*   The members of the Class are so numerous and geographically dispersed throughout the United States such that joinder of all members is impracticable.  Plaintiff believes that there are thousands of persons in the Class.  The exact number and identity of Class

members is unknown to Plaintiff at this time and can only be ascertained from information and records in the possession, custody or control of Defendant.

27.     *Commonality.*  There are questions of law or fact common to the Class including, *inter alia*, the following:

       a.     whether the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq*. ("ICFA"), applies to the claims of Plaintiff and members of the Class and/or entitles them to relief;

       b.     whether Defendant's alleged practice of not disclosing its "appraisal" and "processing" fees to Plaintiff and other members of the class was unfair or deceptive within the meaning of ICFA;

       c.     whether Plaintiff and members of the Class conferred a benefit on Defendant in the form of "appraisal" and "processing" fees and whether it would be unjust for Defendant to retain such benefits under the circumstances alleged herein;

       d.     whether Defendant's "appraisal" and "processing fees are unrelated to any costs incurred or services performed by Turo or otherwise unreasonable;

       e.     whether Plaintiff and the members of the Class are entitled to their damages, including treble damages, and the appropriate measure thereof; and

       f.     whether equitable or injunctive relief is appropriate.

28.     *Typicality.*  The claims of Plaintiff are typical of the claims of the Class alleged herein.  Plaintiff and other members of the Class are all persons who purchased the Hitch and relied on the same, identical false, written statement of affirmative fact.

29.     *Adequacy.*  Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel who are competent and experienced in the prosecution of complex

and class action litigation. The interests of Plaintiff are aligned with, and not antagonistic to, those of the Class.

30.     *Fed. R. Civ. P. 23(b)(2) Requirements.*   The prerequisites to maintaining a class action for injunctive and equitable relief pursuant to Fed. R. Civ. P. 23(b)(2) exist, as Defendant has acted or has refused to act on grounds generally applicable to the Class thereby making appropriate final injunctive and equitable relief with respect to the Class as a whole.

31.     Defendant's actions are generally applicable to the Class as a whole, and Plaintiff seeks, *inter alia*, equitable remedies with respect to the Class as a whole.

32.     Defendant's uniform common course of conduct alleged herein makes declaratory relief with respect to the Class as a whole appropriate.

33.     *Fed. R. Civ. P. 23(b)(3) Requirements.*   This case satisfies the prerequisites of Fed. R. Civ. P. 23(b)(3).  The common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class, and a class action is the superior method for fair and efficient adjudication of the controversy.

34.     The likelihood that individual members of the Class will prosecute separate actions is remote due to the extensive time and considerable expense necessary to conduct such litigation, especially in view of the relatively modest amount of monetary, injunctive and equitable relief at issue for individual Class members.

35.     This action will be prosecuted in a fashion to ensure the Court's able management of this case as a class action on behalf of the Class.

## COUNT I

### (Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*)

36.     Plaintiff repeats and realleges the allegations of Paragraphs 1 through 35, *supra*, as though fully stated herein.

37.     This Count is brought on behalf of Plaintiff and other members of the Illinois Subclass members and on behalf of those Class members from other states that have enacted a uniform deceptive trade practices act in the same or substantially similar form as that described herein.

38.     At all times material hereto, there was in full force and effect an act commonly known as the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.* ("ICFA").

39.     Section 2 of ICFA prohibits "unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation, or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use of employment of any practice described in Section 2 of the 'Uniform Deceptive Trade Practices Act' [815 ILCS 510/2], approved August 5, 1965, in the conduct of any trade or commerce . . . whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

40.     At all times material hereto, there was in full force and effect in this State an act commonly known as the Uniform Deceptive Trade Practices Act ("UDAP"), 815 ILCS 510/2 *et seq.*, incorporated by reference in Section 2 of ICFA, *supra*.

41.     The aforesaid acts and practices of Defendant constitute unfair or deceptive acts or practices prohibited by Section 2 of ICFA, including but not limited to the use or employment of

deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of material fact, with intent that Plaintiff and the Class rely thereon. *See* 815 ILCS 505/2.

42.     The aforesaid acts and practices of Defendant further fall within the practices prohibited by Section 2 of the Uniform Deceptive Practices Act incorporated by reference in 815 ILCS 505/2, *supra*.

43.     By committing the acts alleged in this Complaint, Defendant has misled Plaintiff and the Class into renting its vehicles and incurring its bogus appraisal and processing fees, in part or in whole, due to an erroneous belief that they would only be charged for items they authorized. Instead, Plaintiff and the Class incurred fees they did not anticipate or agree to paying.

44.     As a direct and proximate result of the foregoing, Plaintiff and the Class rented Defendant's vehicles and incurred bogus appraisal and processing fees; they would not have done so had the truth been known to them. Alternatively, Plaintiff and the Class lacked the information necessary to make an informed choice regarding whether or not to rent Turo's vehicles, causing them to incur bogus appraisal and processing fees long after they returned their vehicles.

45.     As a result of the foregoing, Plaintiff and the Class have been damaged in an amount to be proven at trial.

## COUNT II

### (Unconscionability)

46.     Plaintiff repeats and realleges the allegations of Paragraphs 1 through 35, *supra*, as though fully stated herein.

47. Turo's appraisal and processing fees are unconscionable because, as alleged herein, they are are unrelated to any costs incurred or services performed by Turo and otherwise unreasonable.

48. Defendant made deceptive and/or misleading representations regarding the fees that would have deceived an objectively reasonable person into believing they were legitimate.

49. Plaintiff and the members of the class would not have consented to payment of such fees had they been fully informed regarding the true nature of the fees.

50. As a result of the foregoing, Plaintiff and the Class have been damaged in an amount to be proven at trial.

## COUNT III

### (Unjust Enrichment)

51. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 35, *supra*, as though fully stated herein.

52. Plaintiff and the Class conferred a benefit on Defendant in the form of appraisal and processing fees they incurred in connection with damage claims.

53. Defendant appreciated the benefits of such fees it charged Plaintiff and the Class.

54. Defendant's acceptance and retention of the aforesaid benefits under the circumstances alleged herein would be inequitable absent the repayment of such amounts to Plaintiff and the Class.

55. As a result of the foregoing, Plaintiff and the Class have been damaged in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of members of the Class, prays for judgment in their favor and against Defendant and for the following relief:

A.  Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23, certifying the Class defined herein and designating Plaintiff as representative of the Class and his undersigned counsel as Class counsel;

B.  Awarding Plaintiff and the Class (1) their actual damages, (2) such treble damages as the Court may allow, and (3) the costs of this action together with reasonable attorneys' fees as determined by the Court;

C.  Awarding Plaintiff and the Class all allowable pre- and post-judgment interest on the foregoing awarded damages;

D.  Awarding Plaintiff and the Class equitable relief including, *inter alia*, disgorgement of Defendant's ill-gotten gains;

E.   Granting appropriate injunctive and declaratory relief; and

F.  Awarding such other and further available relief and any other relief the Court deems just and appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

- 13 -

Date:  February 12, 2020                          Respectfully submitted,

                                                  HONAN YANG

                                    By:        s/ William M. Sweetnam

                                                  William M. Sweetnam
                                                  SWEETNAM LLC
                                                  53 West Jackson Boulevard, Suite 1440
                                                  Chicago, Illinois  60604
                                                  (312) 757-1888
                                                  wms@sweetnamllc.com

                                                  *Attorneys for Plaintiff and the Class*